UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

|  |  |
|---|---|
| LEGACY FOUNDATION ACTION FUND, INC., <br> 600 Fourth Street, Suite 360 <br> Sioux City, Iowa 51101, <br><br>     Plaintiff, <br><br> v. <br><br> UNITED STATES BUREAU OF THE CENSUS, <br> 4600 Silver Hill Road <br> Washington, DC 20233-3700; <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff, Legacy Foundation Action Fund, Inc. ("Plaintiff" or "Legacy Foundation"), and states as follows:

**INTRODUCTION**

1. Legacy Foundation brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Census Bureau ("Defendant") to fulfill Plaintiff's June 3, 2021 request for records relating to Defendant's public and conflicting announcements that Defendant intends to use synthetic data for the release of the American Community Survey ("ACS") data.

2. Legacy Foundation seeks disclosure of records in Defendant's possession that reference or contain any of the following terms during the period from January 1, 2021, through May 31, 2021—"synthetic"; "ACS data users conference"; "American Community Survey data

users conference"; "ACS privacy"; "American Community Survey privacy"; "formal privacy"; and/or "Ruggles"—in the possession of the following United States Census Bureau employees and/or agents: Dr. Ron S. Jarmin; Donna M. Daily; Tommy Wright; Victoria Velkoff; John M. Abowd; Rolando A. Rodriguez; and/or Michael Hawes.

3. Plaintiff seeks declaratory relief that Defendant is in violation of FOIA for failing to fulfill Plaintiff's request for records and failing to respond to Plaintiff's request for expedited processing of the request. Plaintiff also seeks injunctive relief that Defendant immediately and completely comply with Plaintiff's FOIA request. Further, Plaintiff seeks fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

4. This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies with this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C).

5. Legacy Foundation is a non-profit corporation incorporated in Iowa, organized under section 501(c)(4) of the Internal Revenue Code, with its principal place of business in Sioux City, Iowa.

6. The Census Bureau is headquartered in Washington, D.C., and its principal office is located at 4600 Silver Hill Road.

## PARTIES

7. Plaintiff Legacy Foundation Action Fund, Inc. is a Section 501(c)(4) non-profit organization committed to providing education in the fields of citizenship, civil rights, and government transparency. To further this mission, it also files FOIA requests to help promote open and transparent government.

8.      Defendant United States Census Bureau is an agency within, and under the jurisdiction of, the Commerce Department, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Census Bureau is responsible for the release of the ACS data, and has possession, custody, and control of records to which Legacy Foundation seeks access pursuant to FOIA.

## STATEMENT OF FACTS

9.      Defendant is tasked with overseeing and administering surveys, such as the ACS, the functions of which are authorized by the Constitution and by laws codified as Title 13 of the United States Code.

10.     Legacy Foundation is a non-profit organization interested in openness and transparency in government, with an emphasis on providing education to the public in the fields of citizenship, civil rights, and government transparency. To that end, Legacy Foundation seeks to review and publicize records in the possession of Defendant in light of Defendant's public and conflicting announcements that the Bureau intends to use synthetic data for the release of the ACS data.

11.     FOIA, 5 U.S.C. § 552, requires federal agencies to release requested public records unless a statutory exemption applies.

12.     An agency has twenty business days to respond to a request, including a notification to the requesting party of the agency's determination of whether to fulfill the request and the requester's right to appeal the agency's determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

13.     An agency may delay its response only in "unusual circumstances" by providing written notice to the requesting party of the unusual circumstances and identifying a date when "a

determination is expected." *Id.* § 552(a)(6)(B)(i). "No such notice shall specify a date that would result in an extension for more than ten working days . . . ." *Id.*

14. On June 3, 2021, Legacy Foundation submitted a FOIA request to the Census Bureau (the "Request") which is the subject of this Complaint. A true and correct copy of the Request is included as Exhibit 1 and is incorporated hereto for all purposes. The Request seeks

> records referencing or containing the term(s) 'synthetic', 'ACS data users conference', 'American Community Survey data users conference', 'ACS privacy', 'American Community Survey privacy', 'formal privacy', and/or 'Ruggles' in the possession of the following U.S. Census Bureau employees and/or agents for the period of January 1, 2021, through May 31, 2021: Dr. Ron S. Jarmin – Acting Director; Donna M. Daily – American Community Survey Office Chief; Tommy Wright – Chief of the Center for Statistical Research and Methodology; Victoria Velkoff – Associate Director for Demographic Programs; John M. Abowd – Associate Director for Research and Methodology and Chief Scientist; Roland A. Rodriguez – Statistician; Michael Hawes – Senior Advisor for Data Access and Privacy.

Exhibit 1 at 1–2.

15. The Request includes an application for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)–(iii) and 15 C.F.R. § 4.6(f), noting Plaintiff's compelling need for the records and the urgency of informing the public "of any improprieties, irregularities, or inadequacy in quality checks of Census Bureau data." Exhibit 1 at 5. The Request also includes an application for fee waiver or limitation of fees because it is likely to contribute significantly to public understanding of the operations of the Government and is for non-commercial purposes. *Id.* at 4–5.

16. On June 3, 2021, counsel received a response confirming that the Census Bureau had received the FOIA request. A true and correct copy of that response is attached hereto as Exhibit 2.

17. On June 10, 2021, having received no confirmation that the Request was received

by the Census Bureau, Plaintiff's counsel sent an email to the Census Bureau inquiring about the status of the Request. Exhibit 3.

18. On June 16, 2021, Defendant acknowledged receipt of Plaintiff's June 3, 2021 Request, informed Plaintiff that the Request was assigned the tracking number DOC-CEN-2021-001659, and stated that Defendant "will continue to process [Plaintiff's] request with all practical speed." Exhibit 4.

19. On June 16, 2021, Plaintiff also received an automated email message advising it that the Request had been assigned the tracking number DOC-CEN-2021-001659, but it listed the "Date Submitted" as "06/16/21." Exhibit 5. Plaintiff subsequently informed Defendant of the error and stated that it would continue to use June 3, 2021, as the operative date on which Plaintiff actually submitted the Request. *Id.* Defendant responded that it "received [Plaintiff's] request in the FOIAonline system on June 16th" and that it was "working on [Plaintiff's] request." *Id.*

20. Since the email correspondence on June 16, 2021, with Defendant, there have been no further communications from Defendant regarding the Request.

21. Defendant has failed to comply with the statutory deadline of twenty business days, as required by FOIA under 5 U.S.C. § 552(a)(6)(A), and no written notice of "unusual circumstances" providing for a ten-business-day extension under 5 U.S.C. § 552(a)(6)(B) has been provided. More than twenty business days have passed since Legacy Foundation filed the Request on June 3, 2021. No records have been produced and Defendant has given no indication as to whether there are responsive records related to the Request.

22. By exceeding the twenty-business-day window for a determination whether to comply with the Request without a response to Plaintiff's application for expedited processing, Defendant has also failed to respond to Plaintiff's request for expedited processing "within 10 days

after the date of the request" or "in a timely manner." 5 U.S.C. § 552(a)(6)(E)(ii)–(iii). This failure to respond to an application for expediting the request in the statutory time frame is thus also "subject to judicial review," *id.*,[1] along with its failure to timely comply with FOIA's twenty-day determination deadline.

23. Because Defendant has not complied with FOIA's explicit statutory obligations and timelines, Plaintiff has constructively exhausted all administrative remedies and may proceed directly to this Court. *See Contreras & Metelska, P.A. v. Exec. Office for Immigration Review*, 2019 U.S. Dist. LEXIS 181793, *3 (D. Minn. September 26, 2019) ("[A]dministrative remedies are deemed to be exhausted if the agency fails to respond to the FOIA request within the statutory timeline."); *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186, 189 (D.C. Cir. 2013).

24. Plaintiff has a statutory right of access to the records it seeks, and there is no legal

---

[1] *See Adams v. United States Dep't of Agriculture*, 2012 U.S. Dist. LEXIS 138066, *19-20 (W.D. Ark. August 10, 2012)("Agency action to deny expedited processing or the failure of an agency to respond in a timely manner to a request for expedited processing is subject to judicial review."); *Wash. Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 65 (D.D.C. 2006) (noting that 5 U.S.C. § 552(a)(6)(E) mandates expedited processing if "the request is made 'by a person primarily engaged in disseminating information,' and has an 'urgency to inform the public concerning actual or alleged Federal Government activity'") (*vacated as moot by subsequent consent motion*, *Wash. Post v. Dep't of Homeland Sec.*, No. 06-5337, 2007 U.S. App. LEXIS 6682, at *1 (D.C. Cir. Feb. 27, 2007)); *id.* at 76 (granting the plaintiff's motion for a preliminary injunction to "complete the processing of the plaintiff's [] FOIA requests and produce or identify all responsive records within 10 days of the date" of the opinion"); *Aguilera v. FBI*, 941 F. Supp. 144, 152–53 (D.D.C. 1996) (granting a preliminary injunction and mandating expedited release of documents).

FOIA also grants courts jurisdictional authority to impose "concrete deadlines" on any agency that "delay[s]" the processing of an expedited FOIA request beyond what arguably is "as soon as practicable." *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (granting a preliminary injunction and ordering expedited processing and disclosure of documents concerning the Bush Administration's policy of conducting surveillance of domestic communications); *see also id.* at 39 (opining that if an agency fails to meet the "twenty-day deadline applicable to standard FOIA requests," it "presumptively also fails to" meet the expedition standard).

basis for Defendant to withhold those documents.

25. To date, Legacy Foundation has not received any documents from Defendant in response to its Request, nor has it received any of the statutorily required communications or notices from Defendant.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552; Failure to Produce Records; Failure to Respond to and Grant Request for Expedited Processing of Request

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. Plaintiff properly requested records in its June 3, 2021 Request and the requested records are within Defendant's custody and control.

28. Defendant has failed to 1) make and communicate a determination whether to comply with Plaintiff's request and 2) produce any of the records pursuant to the Request, and has made no claim for a statutory exemption or extension.

29. Defendant has also failed to respond to Plaintiff's request for expedited processing "within 10 days after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I) or "in a timely manner." 5 U.S.C. § 552(a)(6)(E)(iii). *See also* 15 C.F.R. § 4.6(f)(iv)(4) ("Within ten *calendar* days of its receipt of a request for expedited processing, the proper component shall decide whether to grant it and shall notify the requester of the decision." (emphasis added)).

30. Defendant, by failing to produce and improperly withholding the requested agency records, and by failing to timely respond to and grant Plaintiff's request for expedited processing, has violated FOIA's plain language. *See* 5 U.S.C. §§ 552(a)(3)(A), (a)(4)(B), (a)(6)(E)(ii)–(iii).

31. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant's failure to respond to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

32. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to

the disclosure and release of the records pursuant to the Request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Legacy Foundation Action Fund, Inc. prays for the following relief:

1. Declare that Defendant's failures to 1) timely respond with a determination whether to comply with Plaintiff's Request and 2) disclose the records responsive to Plaintiff's Request within the statutory time frame violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(3)(A);

2. Declare that Defendant's failure to respond to Plaintiff's request for expedited processing within the statutory time frame violates 5 U.S.C. § 552 (a)(6)(E)(ii)(I) and 15 C.F.R. § 4.6(f)(iv)(4);

3. Order Defendant to immediately make and communicate a determination to Plaintiff in response to Plaintiff's Request, *see* 5 U.S.C. § 552(a)(6)(A);

4. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's Request in accordance with 5 U.S.C. § 552(a)(3)(C) at no cost to Plaintiff;

5. Preliminarily and permanently enjoin Defendant to promptly complete the processing and response to Plaintiff's Request, and to identify and produce all responsive records not demonstrated by Defendant to be properly exempt from disclosure within 10 days of the date of the Court's Order;

6. Preliminarily and permanently enjoin Defendant from continuing to improperly withhold all non-exempt records responsive to the Request from Legacy Foundation;

7. Maintain jurisdiction over this action to ensure that Defendant properly and lawfully responds to the Request and every order of this Court to ensure that no responsive records are withheld;

8. Award Plaintiff its litigation costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

9. Grant any and all other relief that the Court may deem just and proper.

Dated: July 19, 2021.

Respectfully submitted,

BELIN McCORMICK, P.C.

By: *Ryan G. Koopmans*
    Ryan G. Koopmans

666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4617
Facsimile: (515) 558-0617
E-Mail : rgkoopmans@belinmccormick.com

Jason Torchinsky (VA Bar No. 47481)*
Phillip M. Gordon (VA Bar No. 95621)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
E-Mail: jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
*Pro hac vice* applications forthcoming

ATTORNEYS FOR PLAINTIFF